**Douglas DEHART, et al., Plaintiffs,**

v.

**A.C. & S., INC., et al., Defendants.**

**Civ. A. No. 88–137.**

United States District Court,
D. Delaware.

April 7, 1988.

Robert Jacobs, of Jacobs & Crumplar, P.A., Wilmington, Del., for plaintiffs.

Joseph A. Gabay, of Goldfein & Joseph, Wilmington, Del., for defendants Atlas Turner, Inc. and Bell Asbestos Mines, Ltd.

### OPINION

ROTH, District Judge.

We are asked to determine whether the Delaware federal court has removal jurisdiction over two asbestos cases originally filed in Delaware Superior Court in 1983. Plaintiffs are Douglas and Barbara Dehart and Evelyn Davis, who sues individually and derivatively on behalf of her deceased husband.[1] Defendants now remaining in this action are Raymark Industries, Inc.

---

**1.** The Dehart and Davis cases were originally filed together in Superior Court. In the Fall of 1987, the cases were severed for purposes of trial at defendants' request.

(Raymark) and two Canadian companies, Atlas Turner, Inc. and Bell Asbestos Mines, Ltd. (Atlas and Bell).

Diverse citizenship did not exist among the parties at the outset of these cases. However, all non-diverse defendants settled with plaintiff Davis in October, 1987 and with plaintiff Dehart on February 17, 1988. As grounds for diversity jurisdiction thereby arose, defendants Raymark and Atlas and Bell jointly petitioned for removal on March 8, 1988.

On March 23, 1988, counsel for plaintiffs filed a motion to remand the *Davis* case for the reason that the removal petition was not timely.[2] Time for removal is governed by 28 U.S.C. § 1446(b). The second paragraph of § 1446(b) sets time limitations for cases which, although not removable at the outset, become removable:

> If the case stated by the initial pleading is not removeable, a petition for removal may be filed within thirty days after receipt by defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable.

Before the court considered the motion to remand, defendants Atlas and Bell notified the court by letter dated March 30, 1988 that they withdrew support for the petition for removal based on diversity.[3] On March 31, 1988, Atlas and Bell filed a new petition for removal premised on 28 U.S.C. § 1441(d), which provides:

(d) Any civil action brought in a State court against a foreign state as defined in § 1603(a) of this title may be removed by a foreign state to the district court of the United States for the district and division embracing the place where such action is pending. Upon removal the action shall be tried in a court without jury. Where removal is based upon this subsection, the time limitations of section 1446(b) may be enlarged at any time for cause shown.

Atlas and Bell both claim that they qualify as a "foreign state" as defined in 28 U.S.C. § 1603(a). This section is part of a statute known as the Foreign Sovereign Immunities Act (FSIA) and provides that under certain circumstances an agency or instrumentality of a foreign government, including a corporation which is majority-owned by the foreign government, may be a "foreign state" for purpose of the FSIA.[4] Atlas and Bell are both 100 percent-owned by Societe Nationale de L'Amiante, a Crown corporation of the Provincial Government of Quebec. For purposes of this motion we will assume without deciding that Atlas and Bell qualify as "instrumentalities of foreign states" under the FSIA.

In conjunction with their petition for removal as instrumentalities of foreign states, Atlas and Bell filed a motion for enlargement of time within which they may properly seek removal. Section 1441(d) expressly provides that removal premised on foreign statehood is subject to the time

---

2. Plaintiffs conceded that removal on diversity grounds would be appropriate in the *Dehart* case insofar as the petition for removal was timely filed.

3. The March 30, 1988 letter may be properly characterized as withdrawal of support based on the representation of counsel for Atlas and Bell at the hearing held in this Court on April 6, 1988. At the hearing, the Court asked counsel whether the Atlas and Bell affirmatively withdrew support for the removal petition or whether they would simply not provide support. Counsel unequivocably stated that Atlas and Bell withdrew support for removal based on diversity.

4. Section 1603(a) and (b) of the FSIA provide:

(a) A "foreign state", except as used in section 1608 of this title, includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b).

(b) An "agency or instrumentality of a foreign state" means any entity—

(1) which is a separate legal person, corporate or otherwise, and

(2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and

(3) which is neither a citizen of a State of the United States as defined in section 1332(c) and (d) of this title, nor created under the laws of any third country.

limits of § 1446(b). Relevant here is the first paragraph of § 1446(b) which states:

(b) The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Where removal is based on 1441(d), however, the time limits imposed by § 1446(b) "may be enlarged at any time for cause shown."

Atlas and Bell cite as cause for their delay the following: (1) service of the summons and complaint was not made upon either defendant pursuant to the requirements of the FSIA in § 1608(b); (2) "the document"[5] was not translated into French, an official language of the province of Quebec; and (3) they did not have a clear understanding of United States law.

We find that the above reasons do not state cause to enlarge the time for removal. A major stumbling block for these defendants is that they originally joined with Raymark in the petition for removal based on diversity. This action evidences Atlas' and Bell's knowledge of the law of removal jurisdiction under United States law; it undercuts any suggestion that cause exists for a delay of over four years in filing for

removal. Further, Atlas and Bell have participated in this action from the outset and have retained local counsel. In fact, on February 10, 1983, Atlas and Bell filed a prayer to quash service and a motion to dismiss in Delaware Superior Court. Atlas and Bell have also participated in discovery since 1983. These actions belie any claim that cause exists for a delay of more than four years.[6] *See Boskoff v. Boeing Company*, No. 83 Civ. 2756, slip op. (S.D.N.Y. Oct. 19, 1984) [Available on WESTLAW, 1984 WL 1066] (to allow Portuguese state-owned Airline to remove after five years of state court litigation "would enable a litigant to hazard the chances of litigation in state court indefinitely but to remove the action whenever it seemed advantageous to do so"); *Elbaz v. Port of New York and New Jersey*, No. 83 Civ. 4482, slip op. (S.D. N.Y. November 21, 1983) ("[N]o violence to the purposes of [the FSIA] will be done by requiring a case to remain in state court where, without objection, it has been litigated for four and one half years."); *Matriscia v. National Shipping Corporation*, No. 80 Civ. 2884, slip op. (S.D.N.Y. March 30, 1981) (no cause for three year delay).

With regard to their argument that cause arises because service was not in accordance with the FSIA,[7] Atlas and Bell rely on *Lucchino v. Foreign Countries of Brazil, South Korea, Spain, Mexico and Argentina*, 631 F.Supp. 821 (E.D.Pa.1986). In this case the court found that, although defendants had actual notice of this suit, technical service of process under rules for

---

**5.** Atlas and Bell do not specify which specific "document" they refer to in their motion to enlarge time. However, at the April 6 hearing plaintiffs' counsel represented that none of plaintiffs' documents throughout the course of this litigation have been translated into French.

**6.** We note that, as admitted by their counsel at the April 6 hearing, Atlas and Bell are not strangers to asbestos litigation in Delaware or in at least three other states. In fact, in a Delaware Superior Court decision in 1981, Bell was held to be subject to personal jurisdiction in Delaware. *See, Farrall v. Keene*, No. 77, slip op. (Del.Super. October 9, 1981, *motion for reargument denied*, No. 77, slip op. (Del.Super. October 16, 1981) (emphasizing that ruling was based on the record as then constituted).

**7.** It was a subject of debate at the April 6th hearing whether service was properly made under the FSIA. The applicable requirements for foreign state agencies or instrumentalities are set forth in § 1608(b). Because we find that Atlas' and Bell's longstanding participation in the suit moots any argument regarding service, we do not decide whether the service requirements of 1608(b) are met. It would appear, however, that the service on Atlas and Bell, perfected under 10 *Del.C.* § 3104, conforms to the requirement of 28 U.S.C. § 1608(b)(2). Nor do we decide whether the same reasoning would follow if the defendants were a foreign state itself, subject to service under § 1608(a), or if defendants were otherwise more readily identifiable as an instrumentality of a foreign state.

foreign states was required so that defendants had shown cause for a four month delay in filing a removal petition. We find that this case is easily distinguished by virtue of the length of the delay—four months versus more than four years—and also because it deals with service upon a foreign state under § 1608(a), rather than service on the instrumentality of a foreign state under § 1608(b). *Cf., Gray v. Permanent Mission of People's Republic of the Congo of the United Nations,* 443 F.Supp. 816 (S.D.N.Y.1978), *aff'd without opinion,* 580 F.2d 1044 (2d Cir.1978) (cause for six-month delay where service ineffective).

We conclude that Atlas and Bell have not shown cause for delay and as a result may not remove under § 1446(b). Because Atlas and Bell withdrew support for the original removal petition based on diversity, this petition must also fail, for, when removal is based on diversity all defendants must support removal. *See* 14A Wright, Miller & Cooper, *Federal Practice and Procedure* § 3723 & n. 6. Certainly Atlas' and Bell's approach suggests an interesting question: where both defendants favor removal, but for different reasons, may removal be granted on the basis of one reason alone? In this case, given the nature of each defendant's grounds for removal, we find the answer is no. In particular, Raymark based its petition for removal on diversity jurisdiction which would preserve the jury trial in federal court. Atlas and Bell, in contrast, sought foreign state removal which would result in a bench trial in federal court. 28 U.S.C. § 1441(d). As Atlas and Bell withdrew support for diversity removal and did not argue for such removal in the alternative, we cannot find that the petition is supported by all defendants.

Because we will order remand based on the facts that defendants Atlas and Bell's petition on foreign instrumentality grounds is not timely and that all defendants do not support removal on diversity grounds, we will not consider plaintiffs' further argument that Raymark's petition for removal as to plaintiff Davis is not timely. If we did so, on our reasoning in the companion case of *Hessler v. Armstrong, et al.,* decided this same date in a Memorandum Opinion, we would also find Raymark's petition for removal as to plaintiff Davis not timely filed.

For the above stated reasons, we will deny defendants Atlas and Bell's motion to enlarge time and we will grant plaintiffs' motion for remand both as to defendant Raymark and as to defendants Atlas and Bell.